1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   LANCE WILLIAMS,                          )   Case No. 1:21-cv-01794-SAB (PC)
                                               )
12              Plaintiff,                     )   ORDER DIRECTING CLERK OF COURT TO
                                               )   RANDOMLY ASSIGN A DISTRICT JUDGE TO
13         v.                                  )   THIS ACTION
                                               )
14   ARIAS, et al.,                            )   FINDINGS AND RECOMMENDATIONS
                                               )   RECOMMENDING PLAINTIFF'S MOTION TO
15              Defendants.                     )   PROCEED IN FORMA PAUPERIS BE DENIED
                                               )
16   _____  )   (ECF No. 7)

17          Plaintiff Lance Williams is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. §

18   1983.

19          Plaintiff filed the instant action on December 16, 2021, in the United States District Court for

20   the Eastern District of California, Sacramento Division.  The action was transferred to this Court on

21   December 21, 2021.

22                                             **I.**

23                                        **DISCUSSION**

24          The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner

25   complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to

26   the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

27   screening device which precludes prisoners with three or more "strikes" from proceeding in forma

28   pauperis unless they are under imminent danger of serious physical injury.  28 U.S.C. § 1915(g);

1   Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute provides that "[i]n no event

2   shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions,

3   while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

4   that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

5   relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28

6   U.S.C. § 1915(g).

7        A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is

8   precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed,

9   under imminent danger of serious physical injury.  The Court takes judicial notice of the following

10  United States District Court Cases: (1) Williams v. Aparicio, Case No. 2:14-cv-08640-PA-KK (C.D.

11  Cal.) (dismissed February 5, 2015 as time-barred); (2) Williams v. Kerkfoot, Case No. 2:14-cv-07583-

12  GW-KK (C.D. Cal.) (dismissed May 15, 2015 as time-barred); and (3) Williams v. Young, Case No.

13  2:14-cv-08037-PA-KK (C.D. Cal.) (dismissed May 19, 2015 as time-barred). See Belanus v. Clark,

14  796 F.3d 1021 (9th Cir. 2015).  The Court also takes judicial notice of the following United States

15  Court of Appeals cases: (1) Williams v. Paramo, Case No. 18-55319 (9th Cir.) (dismissed September

16  19, 2018 as frivolous); (2) Williams v. RJD Medical Staff Building, Case No. 18-55709 (9th Cir.)

17  (dismissed September 19, 2018 as frivolous); and (3) Williams v. Navarro, Case No. 20-56163 (9th

18  Cir.) (dismissed January 13, 2021 as frivolous).

19       The issue now becomes whether Plaintiff has met the imminent danger exception, which requires

20  Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on

21  the conditions he faced at the time he filed his complaint on December 16, 2021.  Andrews, 493 F.3d at

22  1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial,

23  as are any subsequent conditions. Id. at 1053.  While the injury is merely procedural rather than a merits-

24  based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

25       Here, Plaintiff contends that he on February 18, 2021, he was transferred to Corcoran State

26  Prison from Duel Vocational Institution and was placed in quarantine for several days.  Officer Arias

27  threatened Plaintiff's safety if he complained about the quarantine.  When Plaintiff asked officer Arias

28  why he was still on quarantine after 14 and 21 days, he stated, "you keep filing 602 grievances their

2

1    gonna get you staff don't want to let you out to population because you're now considered a problem

2    child for facility."  (Compl. at 3(a).)  Captain A. Peterson told Plaintiff, "don't be filing a bunch of

3    grievances or you'll  have it hard here and will be dealt with accordingly."  (Id.)  On March 16, 2021,

4    Plaintiff mental health care was violated because the committee conducted the hearing outside of his

5    presence.  On March 21, 2021, Plaintiff was received at level one and was issued his property on

6    March 23, 2021.  (Id. at 3(b).)  Defendant R. Aguirre stole numerous items of Plaintiff's property

7    which included Plaintiff's incontinence supplies prescribed by a doctor.  (Id.)  Aguirre told Plaintiff

8    that he did not care about his medical needs and stated, "write me up if you want to and see what

9    happens to you how you can be evidently injured no matter what yard you [are] on."  (Id.)  On this

10   same day, Plaintiff was issued a job ducat effective March 24, 2021.  The job was inconsistent with

11   Plaintiff's work abilities and he was subject to sexual assault and harassment.  Plaintiff suffered

12   chronic back pain and shoulder separation injury on the job.  (Id. at 3(d).)  On April 26, 2021,

13   Defendant Reynosa refused to sign Plaintiff's job change request slip.  (Id. at 3(e).)

14          At the time Plaintiff filed the instant complaint, he was housed (and is currently housed) at

15   Folsom State Prison. Thus, Defendants are no longer responsible for Plaintiff's health or safety. There are

16   also no allegations suggesting that Defendants have any control over Plaintiff's housing at Folsom State

17   Prison.  Accordingly, there are no allegations that demonstrate an imminent danger of serious physical

18   injury at the time of filing, and Plaintiff is precluded from proceeding in forma pauperis in this action.

19                                                          **II.**

20                              **CONCLUSION AND RECOMMENDATIONS**

21          Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District

22   Judge to this action.

23          Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be

24   allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes

25   to proceed with this action.

26          These Findings and Recommendations will be submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days**

28   after being served with these Findings and Recommendations, Plaintiff may file written objections

                                                        3

1    with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

2    Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

3    result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)

4    (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6    IT IS SO ORDERED.

7    Dated:    **January 12, 2022**

8                                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4