UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>ARIAS, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01794-DAD-SAB (PC)<br><br>AMENDED FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 7) |

Plaintiff Lance Williams is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 16, 2021, in the United States District Court for the Eastern District of California, Sacramento Division. The action was transferred to this Court on December 21, 2021.

On January 12, 2022, the undersigned issued Findings and Recommendations recommending that Plaintiff's motion to proceed in forma pauperis be denied as Plaintiff suffered three or more strikes under 28 U.S.C. § 1915(g) and failed to demonstrate that he was in imminent danger of physical harm at the time he filed the complaint, noting that he had been moved to Folsom State Prison since the filing of the complaint. (ECF No. 9.)

On April 7, 2022, District Judge Dale A. Drozd declined to adopt the Findings and Recommendations finding that because Plaintiff was incarcerated at Corcoran State Prison at the time

1

he filed the complaint, the imminent danger exception must be analyzed based on that location and not his subsequent transfer to Folsom State Prison. (ECF No. 13.) For the reasons explained, even considering that Plaintiff was housed at Corcoran State Prison at the time he filed the instant action, he has failed to demonstrate that he was in imminent danger of physical injury at the time of filing the complaint.

# I.

# DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following United States District Court Cases: (1) Williams v. Aparicio, Case No. 2:14-cv-08640-PA-KK (C.D. Cal.) (dismissed February 5, 2015 as time-barred); (2) Williams v. Kerkfoot, Case No. 2:14-cv-07583-GW-KK (C.D. Cal.) (dismissed May 15, 2015 as time-barred); and (3) Williams v. Young, Case No. 2:14-cv-08037-PA-KK (C.D. Cal.) (dismissed May 19, 2015 as time-barred). See Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015). The Court also takes judicial notice of the following United States Court of Appeals cases: (1) Williams v. Paramo, Case No. 18-55319 (9th Cir.) (dismissed September 19, 2018 as frivolous); (2) Williams v. RJD Medical Staff Building, Case No. 18-55709 (9th Cir.)

(dismissed September 19, 2018 as frivolous); and (3) Williams v. Navarro, Case No. 20-56163 (9th Cir.) (dismissed January 13, 2021 as frivolous).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on September 30, 2021, with application of the mailbox rule.[1]  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, Plaintiff contends that he on February 18, 2021, he was transferred to Corcoran State Prison from Duel Vocational Institution and was placed in quarantine for several days.  Officer Arias threatened Plaintiff's safety if he complained about the quarantine.  When Plaintiff asked officer Arias why he was still on quarantine after 14 and 21 days, he stated, "you keep filing 602 grievances their gonna get you staff don't want to let you out to population because you're now considered a problem child for facility."  (Compl. at 3(a).)  Captain A. Peterson told Plaintiff, "don't be filing a bunch of grievances or you'll have it hard here and will be dealt with accordingly."  (Id.)  On March 16, 2021, Plaintiff mental health care was violated because the committee conducted the hearing outside of his presence.  On March 21, 2021, Plaintiff was received at level one and was issued his property on March 23, 2021.  (Id. at 3(b).)  Defendant R. Aguirre stole numerous items of Plaintiff's property which included Plaintiff's incontinence supplies prescribed by a doctor.  (Id.)  Aguirre told Plaintiff that he did not care about his medical needs and stated, "write me up if you want to and see what happens to you how you can be evidently injured no matter what yard you [are] on."  (Id.)  On this same day, Plaintiff was issued a job ducat effective March 24, 2021.  The job was inconsistent with Plaintiff's work abilities and he was subject to sexual assault and harassment.  Plaintiff suffered

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

3

chronic back pain and shoulder separation injury on the job. (Id. at 3(d).) On April 26, 2021, Defendant Reynosa refused to sign Plaintiff's job change request slip. (Id. at 3(e).)

Plaintiff has not alleged facts which suggest that he was under imminent danger of serious physical injury at the time he filed this action. Rather, Plaintiff seeks money damages based on the past conduct of Defendants, allegedly stealing his property, placing him in the wrong job assignment, and making threats for filing grievances. (ECF No. 1.) Although Plaintiff claims that he was placed in imminent danger of serious physical injury," such vague threats made several months prior to filing the instant action are insufficient to show a plausible threat of imminent physical danger at the time plaintiff filed the instant action over a month later.[2] Plaintiff has not made specific factual allegations of ongoing serious physical injury, or an ongoing pattern of behavior by any of the named Defendants that placed Plaintiff in imminent danger of serious physical injury. Accordingly, Plaintiff's broad allegations of danger are insufficient. Thus, Plaintiff must submit the appropriate filing fee in order to proceed with this action.

## II.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with

---

[2] General allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

4

the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 14, 2022**

UNITED STATES MAGISTRATE JUDGE